# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **VIVEK KUMAR AGRAWAL;**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services, in his official capacity;**<br><br>**Defendants.** | **4:26CV3130**<br><br>**FINDINGS AND RECOMMENDATION** |

Plaintiff, Vivek Kumar Agrawal, a California resident, has filed the instant action to challenge the United States Citizenship and Immigration Services' denial of his Form I-140 immigrant visa petition seeking classification as an individual with extraordinary ability under 8 U.S.C. § 1153(b)(1)(A). Plaintiff alleges this district is a proper venue to hear his case because his I-140 petition "was adjudicated within this District at Defendant USCIS's Nebraska Service Center." (Filing No. 9 at ¶ 9). Defendants have now filed a Motion to Dismiss for Improper Venue, or Alternatively, to Transfer (Filing No. 12) because the substantive adjudicatory documents attached to Plaintiff's Amended Complaint reflect that the Notice of Intent to Deny ("NOID") and the final denial were issued by USCIS's Texas Service Center. (Filing No. 13 at p. 1). Defendants therefore contend no substantial part of the events giving rise to Plaintiff's claim occurred in Nebraska. And, because no party resides in or is located in Nebraska, Defendants ask the Court to dismiss the case under Fed. R. Civ. P. 12(b)(3) or transfer it to the Northern District of California under 28 U.S.C. § 1406(a). Alternatively, if the Court concludes venue is permissible in Nebraska, Defendants still request that transfer be ordered under 28 U.S.C. § 1404(a). (Filing No. 13 at p. 2). Plaintiff counters that his pleadings make a prima facie case that Nebraska is a proper venue, but to the extent that there is an issue of fact regarding venue, the Court should permit limited venue discovery. (Filing No. 14).

The matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 by the Honorable Robert F. Rossiter, Jr., United States District Court Judge. For the following reasons, the undersigned magistrate judge will recommend Defendants' motion be granted to the

extent that this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

## BACKGROUND

Plaintiff, a citizen of India currently residing in Fremont, California, seeks classification as an EB-1A individual of extraordinary ability as a "pioneer in the field of e-Commerce." (Filing No. 9 at ¶ 21). Plaintiff alleges his "innovative work integrating AI and machine learning into Walmart's e-Commerce platforms is responsible for hundreds of millions of dollars of growth in less than two years," and companies such as Google and Home Depot have credited Plaintiff's work in their implementation of integrated generative AI use-based searching on their e-commerce platforms. (Filing No. 9 at ¶ 2).

Plaintiff filed an EB-1A I-140 petition with USCIS on January 20, 2026, seeking to permanently immigrate to the United States on the basis of the above extraordinary ability. On January 21, 2026, USCIS sent Plaintiff's attorney an email stating that "[t]he Nebraska Service Center has received" his I-140 petition, and "[t]he Nebraska Service Center will adjudicate this case within 15 business days of the 'received date' set forth above." (Filing No. 9 at ¶¶ 22-23; Filing No. 9-2). In support of his petition, Plaintiff provided more than 850 pages of supporting evidence, including "expert opinion letters discussing [Plaintiff's] accomplishments in detail and their significance and impact, as well as other relevant, probative, and credible evidence of his sustained national and international acclaim as an individual at the top of his field," together with a letter from his attorney summarizing his eligibility for EB-1A classification. (Filing No. 9 at ¶ 26-27). Plaintiff sought to demonstrate his extraordinary ability by submitting evidence in support of five of the ten evidentiary criteria at 8 C.F.R. § 204.5(h)(3): leading/critical role for distinguished organizations; original contributions of major significance; judge of the work of others; authorship of scholarly articles and publications; and high salary. (Filing No. 9 at ¶ 28).

On February 4, 2026, Plaintiff's counsel saw in USCIS's online case status portal for the I-140 petition that a NOID had been issued, and emailed the Nebraska Service Center's ("NSC") Premium Processing Unit's email address to request a copy. (Filing No. 9 at ¶ 34; Filing No. 9-3 at p. 2). In response, the NSC Premium Processing Service replied, "Thank you for contacting the Premium Processing mailbox. Attached is a copy of the NOID that is being e-mailed to you as a one-time courtesy." (Filing No. 9-3 at p. 1). The 12-page NOID attached to the email was dated

February 6, 2026, and contained letterhead from USCIS's Texas Service Center in Irving, Texas. The NOID bears the document control number "TSCI140TSCI14000037173163" on the bottom of every page of the decision. The adjudicating officer is identified as Officer XM1747. (Filing No. 9-4). The Premium Processing Coversheet accompanying the NOID directs Plaintiff to submit his response and supporting documents to USCIS's Texas Service Center's address in Irving, Texas. (Filing No. 9-4 at p. 13). Plaintiff alleges, "USCIS currently asks all petitioners to send their RFE and NOID responses to the same, centralized Texas location, regardless of which service center is adjudicating the particular I-140." (Filing No. 9 at ¶ 39).

On March 5, 2026, Plaintiff's counsel submitted his response to the NOID to "USCIS/TSC" at the Texas Service Center's Irving address. (Filing No. 9 at ¶ 42; Filing No. 9-6 at p. 1; Filing No. 9-1 at p. 3). On March 24, 2026, Plaintiff's counsel saw in USCIS's online case status that the agency had issued a denial decision four days earlier. Plaintiff's counsel again emailed the NSC's Premium Processing Unit at nsc-premium.processing@uscis.dhs.gov to request a copy of the decision. (Filing No. 9 at ¶ 44; Filing No. 9-7 at p. 2). In response, the NSC Premium Processing Service replied, "Thank you for contacting the Premium Processing mailbox. Attached is a copy of the Denial Notice that is being e-mailed to you as a one-time courtesy." (Filing No. 9-7 at p. 1). The Denial Notice contained letterhead from the USCIS Texas Service Center in Irving, Texas, was dated March 25, 2026, and was again adjudicated by Officer XM1747. The document control number "TSCI140TSCI14000037611063" is on the bottom of every page. (Filing No. 9-1). The decision stated that although USCIS determined the evidence establishes Plaintiff meets at least four of the ten criteria found at 8 C.F.R. § 204.5(h)(3), he "is not one of that small percentage who have risen to the top of the field of endeavor," nor do his "achievements set the petitioner significantly above almost all others in the field at a national or international level and does not establish sustained acclaim." (Filing No. 9-4 at p. 11).

Plaintiff filed the instant action on April 17, 2026, (Filing No. 1), challenging USCIS's denial of his employment-based I-140 immigrant visa petition. Plaintiff's Amended Complaint filed on July 2, 2026, (Filing No. 9), contains one cause of action alleging USCIS's decision was based upon improper review of the evidence and was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. (Filing No. 9).

In response to Plaintiff's Amended Complaint, Defendants have filed a Motion to Dismiss for Improper Venue, or Alternatively, to Transfer (Filing No. 12). Defendants argue that venue is

improper in Nebraska because Plaintiff resides in California; USCIS and its Director officially reside in the District of Columbia; and the challenged adjudicatory documents were issued by the Texas Service Center. (Filing No. 13 at pp. 1-2). Because no substantial part of the events giving rise to Plaintiff's APA claim occurred in Nebraska, Defendants request that the Court dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or transfer it under 28 U.S.C. § 1406(a). Plaintiff opposes dismissal and transfer, arguing his pleadings make a prima facie case that Nebraska is a proper venue, but to the extent that there is an issue of fact regarding venue, the Court should permit limited venue discovery. (Filing No. 14).

## STANDARD OF REVIEW

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). Dismissal is authorized "only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws[.]" *Id.* The applicable venue statute in this APA case against USCIS and its director is 28 U.S.C. § 1391(e), which provides, "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity" may be filed in any judicial district in which

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(e). *See Atl. Marine*, 571 U.S. at 56 (discussing § 1391(b), but noting "other provisions of § 1391 define the requirements for proper venue in particular circumstances."). If the court determines the case falls within one of the three categories, venue is proper; "if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* In considering a Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue, the court is permitted to consider evidence outside the pleadings. *See Melichar v. Blue Cross & Blue Shield of Kansas, Inc.*, 309 F. Supp. 3d 719, 721 at fn. 1 (D. Neb. 2018)

(collecting cases). The court takes the well-pleaded facts of the plaintiff's complaint as true, "but only to the extent they are uncontroverted by the defendant's affidavits." *Huddleston v. Bondi*, No. 4:25CV3002, 2025 WL 2097358, at *1 fn. 1 (D. Neb. July 25, 2025) (collecting District of Nebraska cases).

There is a split in authority among district courts throughout the Eighth Circuit as to which party bears the burden of establishing venue is proper or improper on a motion to dismiss for improper venue. S*ee Coug & Co., Inc. v. Cougar Paws, Inc.*, No. 4:21-CV-271-JAJ-HCA, 2022 WL 1439848, at *6 (S.D. Iowa Jan. 5, 2022) (recognizing split).[1] In *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947), the Eighth Circuit stated a defendant moving to dismiss a complaint for improper venue bears the burden of showing venue is improper. Later, in *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963), the Eighth Circuit found the district court did not err by concluding the plaintiff had the burden of establishing proper venue once the defendant challenged venue. As a result, some district courts rely on *Cohen* and require the plaintiff to bear the burden of demonstrating the chosen district is a proper venue when the defense raises an objection, *see Rare Breed Triggers, LLC v. Garland*, 639 F. Supp. 3d 903, 907 (D.N.D. 2022), while others maintain *Orshek* was not overruled by *Cohen* and require the defendant to bear the burden of showing improper venue on its motion, *see Cougar Paws, Inc.*, 2022 WL 1439848.[2] Even judges within this district have reached differing conclusions on which party bears the burden. *Compare Melichar v. Blue Cross & Blue Shield of Kansas, Inc.*, 309 F. Supp. 3d 719, 722 (D. Neb. 2018) (Kopf, J.) (stating the defendant bears the burden of demonstrating that the plaintiff's choice of venue is improper on a Rule 12(b)(3) motion) *with Gridiron Mgmt. Grp. LLC v. Wranglers*, No. 8:12CV3128, 2012 WL 5187839, at *5 (D. Neb. Oct. 18, 2012) (Smith Camp, J.) (stating that the

---

[1] The Sixth Circuit recently resolved its own split regarding which party bears the burden when venue is challenged as improper, and further recognized its sister circuits are likewise split, with the majority of circuits placing the burden on the plaintiff. *See Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 619 (6th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 556 (Jan. 20, 2026) (comparing cases). The Sixth Circuit adopted the majority view that "when a defendant challenges the venue, the plaintiff bears the burden of proving venue by a preponderance of the evidence." The Sixth Circuit explains the majority view "makes sense" because "it is the plaintiff's obligation to institute the action in a permissible forum." *Id; see also* 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3826 (4th ed. April 2026 update) ("[T]the weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue. This may be considered the better view because it is consistent with the plaintiff's threshold obligation to show that the case belongs in the particular district court in which suit has been instituted.").

[2] For what it is worth, the Sixth Circuit in *Tobien* attributed this minority view to the Eighth Circuit, citing *Orshek* rather than *Cohen*. 133 F.4th at 619.

plaintiff bears the burden of showing that venue is proper once a defendant raises the venue issue by motion). Although the undersigned magistrate judge is persuaded that the majority view is the better view, because *Orshek* did not clearly overrule *Cohen,* the undersigned magistrate judge will proceed under the assumption that Defendants bear the burden of demonstrating that Plaintiff's choice of venue is improper on their Rule 12(b)(3) motion. *See Orshek*, 164 F.2d at 742.

**DISCUSSION**

As outlined above, 28 U.S.C. § 1391(e)(1) provides the permissible venues for this APA action against USCIS and its director that does not involve real property: a judicial district where a defendant resides; a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred"; or in the judicial district where the plaintiff resides. *See* 28 U.S.C. § 1391(e)(1).

First, Nebraska is not a proper venue based on Plaintiff's residence. Plaintiff resides in Fremont, California. *See* 28 U.S.C. § 1391(c)(1) (providing that for venue purposes, "a natural person . . . resides in the judicial district in which that person is domiciled."). Plaintiff's residence therefore establishes a basis for venue in the Northern District of California, not Nebraska. *See* 28 U.S.C. § 1391(e)(1)(C).

Second, venue in Nebraska is not proper for claims against any of the Defendants based on where any Defendant "resides." 28 U.S.C. § 1391(e)(1)(A). Defendants are the USCIS and its Director, Joseph B. Edlow, sued solely in his official capacity. "The general rule in suits against public officials is that a defendant's residence for venue purposes is the district where he performs his official duties." *Huddleston*, 2025 WL 2097358, at *8 (quoting *Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds sub nom. Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981)); *see also Franz v. United States*, 591 F. Supp. 374, 377 (D.D.C. 1984) ("The residence of an official defendant is determined on the basis of the official residence of the federal officer or agency."). Defendants assert, "USCIS and its Director officially reside in the District of Columbia," (Filing No. 13 at p. 2), although from the Court's research that appears to no longer be the case. Prior to December 2020, the "official residence" of USCIS was in the District of Columbia. *Huddleston*, 2025 WL 2097358 (citing *Holovchak v. Cuccinelli*, No. CV 20-210-KSM, 2020 WL 4530665, at *4 (E.D. Pa. Aug. 6, 2020)). However, the headquarters of USCIS has since moved from the District of Columbia to Camp

Springs, Maryland. *Id.* (citing *Melnattur v. USCIS*, Civ. A. No. 20-3013 (JDB), 2021 WL 3722732, at *3 (D.D.C. Aug. 23, 2021)) (stating that "although USCIS used to be headquartered in Washington, D.C., the agency recently moved its headquarters to Camp Springs, Maryland, effective December 2020"). Regardless of whether Defendants' official residence is the District of Columbia or the District of Maryland, neither is Nebraska, and Plaintiff does not contend otherwise. Thus, Nebraska is not a proper venue under § 1391(e)(1)(A). *See Huddleston*, 2025 WL 2097358, at *8 (D. Neb. July 25, 2025) (stating the location of the USCIS Nebraska Service Center in this District does not establish venue in Nebraska based upon USCIS's "residence").

The primary dispute between the parties is whether Nebraska is a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1)(B). In determining whether venue is proper on this basis, the question is "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003) (citing *Setco Ents. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994)). In cases challenging USCIS's denials of immigration petitions under the APA, courts generally consider the district where the petition was adjudicated to be the district where "a substantial part of the events or omissions giving rise to the claim occurred." *See, e.g., Melnattur*, 2021 WL 3722732, at *3 (concluding "a substantial part of the events or omissions giving rise" to the plaintiff's APA claim occurred in Nebraska because the immigration petition "was processed and adjudicated by the NSC in Nebraska"); *PSV Enters., LLC v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-2287 (KBJ), 2021 WL 2115251 (D.D.C. May 25, 2021) (determining Nebraska would be a proper venue under § 1391(e)(1)(B) because the NSC adjudicated the petitioner's visa petitions in that district); *Pengbo Li v. Miller*, No. 20-cv-1122, 2021 WL 1124541, at *3 (D.D.C. Mar. 24, 2021) (determining the District of Nebraska was "an appropriate venue because it is the location where NSC processed and denied" plaintiffs' Form I-140 immigrant visa petition); *Kantharia v. U.S. Citizenship & Immigr. Servs.*, 672 F. Supp. 3d 1030, 1033 (C.D. Cal. 2023) (granting Rule 12(b)(3) motion to dismiss after concluding venue was not proper under § 1391(e)(1)(B) because "[t]he operative facts pertinent to Plaintiffs' claims are those surrounding the adjudication of their Form I-526 petitions," which was not in California); *Wei Lai Dev. LLC v. U.S. Citizenship & Immigr. Servs.*, No. CV 21-887 (RDM), 2021 WL 2073403, at *3 (D.D.C. May 24, 2021) (concluding venue was proper in the Central District of California under § 1391(e)(1)(B) because the plaintiff's

"immigration petition and application were both adjudicated at the California Service Center in Laguna Niguel, California"); *Pasem v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-344, 2020 WL 2514749, at *3 (D.D.C. May 15, 2020) ("In APA cases, the underlying claim typically arises 'where the decisionmaking process occur[s].'").

Although Plaintiff attempts to persuade the Court that the waters are too muddy to ascertain whether the Nebraska Service Center (NSC) or Texas Service Center (TSC) actually adjudicated his immigration petition, the documents attached to his Amended Complaint demonstrate it was the TSC that adjudicated his petition. Plaintiff relies on the fact that upon submitting his I-140 petition, Plaintiff's counsel received an email stating the NSC had received Plaintiff's I-140 petition, and that the "[t]he Nebraska Service Center will adjudicate this case[.]" (Filing No. 9 at ¶¶ 22-23; Filing No. 9-2). Plaintiff also points out that when Plaintiff's counsel emailed the NSC Premium Processing Service seeking a copy of the NOID, and later, the Denial Notice, the NSC Premium Processing Service replied with copies of the requested documents "as a one-time courtesy" without advising counsel his request was "improperly directed to the NSC" or directing him "to send his inquiry to a different USCIS[.]" (Filing No. 9 at ¶ 37, 46). Finally, Plaintiff points out that although the adjudicating officer is identified as Officer XM1747, the location of the officer is not specified.

However, despite the NSC's initial statement it would adjudicate the case, it is clear from Plaintiff's documents the TSC ultimately adjudicated the case. The substantive documents themselves were issued by the TSC. The NOID contains letterhead from the USCIS Texas Service Center in Irving, Texas, and every page of the decision bears the document control number "TSCI140TSCI14000037173163." The "TSC" refers to "Texas Service Center," whereas documents from the Nebraska Service Center contain "NSC" in the document control numbers and have letterhead from the USCIS Nebraska Service Center. The Premium Processing Coversheet accompanying the NOID directed Plaintiff to submit his response and supporting documents to the USCIS Texas Service Center's address in Irving, Texas, (Filing No. 9-4 at p. 13), which Plaintiff's counsel did by submitting his response to "USCIS/TSC" at the Texas Service Center's Irving address. (Filing No. 9 at ¶ 42; Filing No. 9-6 at p. 1; Filing No. 9-1 at p. 3). The Denial Notice likewise contains letterhead from the USCIS Texas Service Center in Irving, Texas, and bears the document control number "TSCI140TSCI14000037611063" denoting the "Texas Service Center" on every page.

In *Kantharia v. U.S. Citizenship & Immigr. Servs.*, 672 F. Supp. 3d 1030, 1033 (C.D. Cal. 2023), the court rejected a similar argument that venue was proper in its district on the plaintiffs' claimed basis they filed their "immigration visa application with a service center located in the district" and subsequently received correspondence from USCIS "confirming the receipt and processing of Plaintiffs' petition from its service center in this district." Instead, the court discussed that cases "considering the propriety of venue in the district where a visa application is filed 'have found that for venue purposes, where an application is adjudicated is more important than where an application is submitted.'" *Id.* (quoting *Vigg v. Jaddou*, No. 21-CV-02678-KAW, 2022 WL 3581930 at *3 (N.D. Cal. Aug. 10, 2022)) (finding no substantial part of the events or omissions giving rise to the claims occurred in its district; although the California Service Center "presumptively received" one plaintiff's Form I-526 information or other documents from the Texas Service Center and communicated with that plaintiff by "issuing a receipt notice," the actual adjudication occurred elsewhere). The court in *Kantharia* declined to find the USCIS's correspondence confirming the receipt and processing of Plaintiffs' petition from its service center amounted to "significant action" on the petition or constituted a "substantial part of the events or omissions giving rise to" Plaintiffs' claims sufficient to confer venue because the petition was adjudicated in the District of Columbia. *Id.* Here, similar to *Kantharia*, the NSC's confirmation email upon receipt of Plaintiff's I-140 petition and subsequent emailing of courtesy copies at Plaintiff's counsel's request do not amount to "significant action" on the petition or otherwise constitute "substantial part of the events or omissions giving rise to" Plaintiff's claim. Instead, because the substantive documents demonstrate Plaintiff's petition was adjudicated by the TSC, venue in Nebraska is not proper under § 1391(e)(1)(B).

Plaintiff maintains that there is at least a question of fact as to whether the NSC had a role in the adjudication of his petition. Plaintiff therefore contends the Court should permit venue discovery to establish whether a "substantial portion" of the events giving rise to the litigation occurred in this district. (Filing No. 14 at pp. 5-6). Discovery is not limited to the merits of a case; "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13, (1978)). "District courts have broad discretion in determining whether to grant limited discovery to explore jurisdictional facts, (including venue)." *Green Source Holdings, LLC v. Ingevity Corp.*, No. 1:18-CV-1067, 2019 WL

1995402, at *5 (W.D. Ark. May 6, 2019). The question is whether venue can be established in the plaintiff's chosen forum, not "whether other forums have greater contacts." *Johnson v. Emerson Elec. Co.*, No. 4:13-CV-1240, 2013 WL 5442752, at *4 (E.D. Mo. Sept. 30, 2013). The plaintiff bears the burden of demonstrating that jurisdictional discovery is warranted, and must offer more than speculation or conclusory allegations regarding the need for discovery. *Jordan*, 2019 WL 1409353, at *4; *see also Rare Breed Triggers*, 639 F. Supp. 3d at 911 ("Permitting discovery to establish where venue might be proper would recreate the inconvenience that venue rules are intended to prevent[.]") (internal quotation marks omitted). Additionally, discovery is generally not permitted in APA cases "absent extraordinary circumstances." *Rare Breed Triggers*, 639 F. Supp. 3d at 911 (citing *Breaker v. United States*, 977 F. Supp. 2d 921, 936 (D. Minn. 2013)).

The undersigned magistrate judge concludes Plaintiff has not demonstrated venue discovery is warranted in this case. Plaintiff argues the NSC's initial response and emailing of courtesy copies of the substantive decisions create enough ambiguity justifying exploration into what activities the NSC took upon receipt of the petition, and to permit discovery to determine whether his I-140 petition was solely processed by the TSC. (Filing No. 14 at p. 9). But, the NOID and Denial Notice themselves reflect they were issued and adjudicated by the TSC based upon the TSC numbers and TSC service center letterhead within the documents. Although Defendants certainly could have, and perhaps should have, filed an affidavit in support of their motion to fully clarify the matter, the undersigned nevertheless concludes discovery under these circumstances would be a waste of the parties' and court's time and resources, and would not serve the interests of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiff's sole claim in this case is that the denial of his immigration petition was arbitrary and capricious under the APA. The district where his petition was adjudicated is the district where a substantial part of the events or omissions giving rise to the claim occurred. *See Kantharia* , 672 F. Supp. 3d at 1033. That district is the Northern District of Texas. Because the documents attached to Plaintiff's Amended Complaint reflect the TSC adjudicated his petition, venue is not proper in Nebraska under § 1391(e)(1)(B) for Plaintiff's claim.

As outlined above, the undersigned magistrate judge finds venue in this district is not proper under any of the three subsections of 28 U.S.C. § 1391(e)(1). Once the court determines venue is improper, the court must either dismiss the case or transfer the case to a court where venue

is proper. *See* 28 U.S.C. § 1406(a). When venue is laid in the wrong district, "transfer rather than dismissal is ordinarily ordered if 'in the interest of justice.'" *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 45 (2020) (quoting 28 U.S.C. § 1406). Here, districts with proper venue are the Northern District of California, where Plaintiff resides, and the District of Maryland, where the defendants now reside. Plaintiff opposes dismissal and transfer without discovery to explore whether Nebraska is a proper venue, and appears to reject other venues as inconvenient. (Filing No. 14 at p. 10). However, Plaintiff does suggest that if discovery reveals his immigration petition was solely processed by the TSC, he would not object to transferring the case to the Northern District of California pursuant to 28 U.S.C § 1406(a). (Filing No. 14 at p. 11 fn. 4). Defendants likewise ask the Court to transfer this action to the Northern District of California if it does not dismiss the case. Under the circumstances, the undersigned magistrate judge concludes the interests of justice are best served by transferring this action to a proper venue rather than dismissing it. Upon consideration,

**IT IS HEREBY RECOMMENDED** to the Honorable Robert F. Rossiter, Jr., United States District Court Judge, that Defendants' Motion to Dismiss for Improper Venue, or Alternatively, to Transfer (Filing No. 12) be granted, and that this case be transferred to the Northern District of California pursuant to 28 U.S.C. § 1406.

Dated this 1st day of October, 2026.

BY THE COURT:
s/Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.